1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Salvador Reza,                        )    CV 11-01170-PHX-FJM
                                           )
10                  Plaintiff,             )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12                                         )
     Russell Pearce,                       )
13                                         )
                    Defendant.             )
14                                         )
                                           )
15

16          The court has before it defendant Pearce's motion to dismiss (doc. 35), plaintiff's

17   response (doc. 40), and Pearce's reply (doc. 45).

18          Plaintiff, a Mexican-American and vocal critic of former Arizona State Senate

19   President Russell Pearce, attended a public hearing relating to a bill co-sponsored by Pearce

20   on February 22, 2011.  The hearing was held at the Arizona State Senate building.  Although

21   people voiced their support of or opposition to the bill by cheering and booing, plaintiff

22   alleges that he was neither disruptive nor disorderly.

23          Two days later, plaintiff entered the State Senate building.  He had plans to meet

24   privately with another state senator.  Plaintiff was approached upon entry by two police

25   officers (former defendants Trapp and Burton), who told him that "by order of Senate

26   President Russell Pearce he was no longer allowed inside the Arizona State Senate building"

27   due to "disorderly and disruptive behavior."  Compl. at ¶ 11.  Plaintiff was arrested for

28   trespassing.  He was not prosecuted.

1    Officers Trapp and Burton were dismissed from this action on October 21, 2011 (doc.

2    25).  Plaintiff's § 1983 claims against Pearce remain.  Plaintiff contends that Pearce banned

3    plaintiff from entering the Senate building not due to disruptive behavior at the February 22,

4    2011 hearing, but rather because of his public criticism of Pearce and because of his Mexican

5    ancestry.  Plaintiff seeks a declaratory judgment, injunctive relief, and damages.

6    Pearce moves to dismiss, arguing that he is entitled to absolute legislative immunity.

7    The Speech or Debate Clause of the United States Constitution "immunizes Congressmen

8    from suits" for acts performed "in the sphere of legitimate legislative activity."  Supreme

9    Court of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 731-32, 100 S. Ct. 1967,

10   1974 (1980) (citation omitted).  The purpose of cloaking legislative acts with absolute

11   immunity is to ensure that "the legislative function may be performed independently without

12   fear of outside interference."  Id. at 731, 100 S. Ct. at 1974.  For similar reasons, "state

13   legislators enjoy common-law immunity from liability for their legislative acts."  Id. at 732,

14   100 S. Ct. at 1974; see also Bogan v. Scott-Harris, 523 U.S. 44, 49, 118 S. Ct. 966, 970

15   (1998) ("state and regional legislators are entitled to absolute immunity from liability under

16   § 1983 for their legislative activities").

17   To determine whether an act is legislative, we must analyze the "nature of the act"

18   rather than the actor's motive or intent.  See Bogan, 523 U.S. at 54, 118 S. Ct. at 973.  The

19   Ninth Circuit considers four factors in deciding whether an act is legislative: "(1) whether

20   the act involves ad hoc decisionmaking, or the formulation of policy; (2) whether the act

21   applies to a few individuals, or to the public at large; (3) whether the act is formally

22   legislative in character; and (4) whether it bears all the hallmarks of traditional legislation."

23   Community House, Inc. v. City of Boise, Idaho, 623 F.3d 945, 960 (9th Cir. 2010) (citation

24   omitted).

25   Pearce argues that the two-part test cited in Schultz v. Sundberg, rather than the

26   factors reaffirmed in Community House, controls.  In Schultz, the Ninth Circuit held that a

27   legislator is entitled to absolute immunity for an act that is within the "legitimate legislative

28   sphere" because it is "an integral part of the deliberative and communicative process by

1    which members participate in committee and house proceedings" and it "address[es]

2    proposed legislation or some other subject within" a  legislature's jurisdiction. Schultz v.

3    Sundberg, 759 F.2d 714, 717 (9th Cir. 1985).  Pearce contends that the Schultz test provides

4    absolute immunity for "certain actions that are not legislative in nature."  Reply at 2.  We

5    disagree.  Absolute legislative immunity is by definition only available for legislative acts.

6    See Chateaubriand v. Gaspard, 97 F.3d 1218, 1220 (9th Cir. 1996) (absolute immunity does

7    not extend to actions taken by legislators "in their administrative or executive capacities").

8    The whole purpose of asking whether an act is within the legitimate legislative sphere is to

9    determine whether that act is legislative.  Moreover, Schultz was decided pre-Bogan, a

10   decision which prompted a change in the determination of whether an act is legislative.  See

11   Bechard v. Rappold, 287 F.3d 827, 829 (9th Cir. 2002) ("in evaluating whether an act is

12   legislative, we have been directed by the United States Supreme Court to look to whether the

13   act is 'formally legislative[in] character' and whether it bears 'all the hallmarks of traditional

14   legislation'") (citing Bogan, 523 U.S. at 55, 118 S.Ct. at 973).

15        Applying the Community House factors, we conclude that Pearce's issuance of an

16   order excluding plaintiff from the State Senate Building was not a legislative act.  First, the

17   decision was ad hoc in nature.  An ad hoc decision is one made with a particular result in

18   mind.  Community House, 623 F.3d at 961.  Decisions that are directed towards a specified

19   individual "are normally considered to be ad hoc."  Id.  Pearce argues that the Senate rule

20   requiring the Senate President to maintain order and decorum within the building authorized

21   him to remove plaintiff.  This rule is generic.  A decision that plaintiff in particular was

22   unruly and needed to be banned is one directed to a specific person and designed to

23   accomplish a particular end.  Pearce's order was not related to the creation or implementation

24   of broader policy to promote decorum within the Senate building.  It was plaintiff who was

25   no longer permitted inside, not a particular kind of conduct.  Second, Pearce's order applied

26   to plaintiff alone.  See Kaahumanu v. Cty. of Maui, 315 F.3d 1215, 1222 (9th Cir. 2003)

27   ("When the act in question applies to a few individuals rather than the public at large,

28   legislative immunity is disfavored.").  Third, the act was neither formally legislative nor

1   legislative in character.  It did not involve the proposal or passage of a bill, ordinance,

2   resolution, rule, vote, or other formal legislative act.  He was not, for example, ejected from

3   a legislative hearing for conduct at that hearing.  As such, Pearce's order bears none of the

4   hallmarks of traditional legislation.

5          Pearce maintains that he is entitled to immunity "because restricting [p]laintiff was

6   pursuant to the Senate Rules to preserve and maintain decorum and order so that the Arizona

7   State Senate can conduct its business."  <u>Reply</u> at 3.  An action is not legislative simply

8   because it is authorized by a Senate rule.  Accepting plaintiff's allegations as true, at the time

9   of his arrest he was not attending a legislative hearing or legislative session.  He was not on

10  the Senate floor.  Plaintiff does not allege that Pearce ordered him banned from the building

11  during the February 22, 2011 hearing.  Moreover, plaintiff was not merely banned from

12  attending future legislative sessions or hearings, but "was no longer allowed inside the

13  Arizona State Senate building."  <u>See</u> <u>Compl.</u> at ¶ 11.  Based on these facts, Pearce is not

14  entitled to absolute legislative immunity.

15         Finally, Pearce argues for the first time on reply that to the extent plaintiff asserts

16  claims of false arrest and false imprisonment against him, these claims must be dismissed.

17  We do not consider arguments raised for the first time in a reply.  <u>See</u> <u>Turtle Island</u>

18  <u>Restoration Network v. U.S. Dept. of Commerce</u>, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012).

19         Accordingly, **IT IS ORDERED DENYING** defendant Pearce's motion to dismiss

20  (doc. 35).

21         DATED this 23rd day of April, 2012.

22

23                                    _Frederick J. Martone_

24                                    Frederick J. Martone
                                       United States District Judge

25

26

27

28

- 4 -