**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Salvador Reza, | CV 11-01170-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Russell Pearce, | |
| Defendant. | |

The court has before it defendant's motion for protective order (doc. 78). We granted defendant's motion to expedite and ordered plaintiff to file a response no later than 3pm on July 30, 2012 (doc. 81). Plaintiff filed a late response at 5pm (doc. 82).

This action arises out of plaintiff's exclusion from the Arizona State Senate building on February 24, 2011 at the direction of defendant, former Senate President. Plaintiff, who alleged in his complaint that defendant is a racist, claims that defendant banned him from the Senate building in part due to his Mexican ancestry.

Defendant seeks a protective order preventing plaintiff from deposing him about his alleged relationship with JT Ready, an individual who defendant describes as "a Neo-Nazi, white supremacist, mass-murderer of women and children." Mot. at 1. Defendant argues that any relationship between him and Ready is not relevant, and that this line of questioning is intended to annoy, embarrass, and oppress him. Specifically, defendant argues that plaintiff will improperly attempt to associate him with JT Ready in order to harm his

1 reputation and hurt his candidacy for the Arizona State Senate.

2        A party can obtain discovery "that is relevant to any party's claim or defense." Fed.
3 R. Civ. P. 26(b)(1). Discovery is relevant even if it would ultimately be inadmissible at trial
4 if it is "reasonably calculated to lead to the discovery of admissible evidence." Id. Even if
5 discovery is relevant, we may issue a protective order "to protect a party or person from
6 annoyance, embarrassment, oppression, or undue burden or expense." Id. 26(c). The party
7 seeking the protective order has the burden to demonstrate good cause "by demonstrating
8 harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d
9 1057, 1063 (9th Cir. 2004).

10        Defendant argues that his alleged relationship with JT Ready is not relevant to
11 plaintiff's claims that defendant banned him from the State Senate building because of his
12 Mexican ancestry. If defendant associated with a Neo-Nazi murderer, details about this
13 relationship may make it slightly more likely that defendant himself was racist. We do not
14 see how defendant's relationship with Ready could be relevant to plaintiff's claims for any
15 other reason, and plaintiff does not argue otherwise. Despite plaintiff's argument that this
16 evidence would be highly probative of defendant's racism, it is highly likely that the evidence
17 would be excluded under Federal Rule of Evidence 403. Evidence that connects defendant
18 to a Neo-Nazi murderer would almost certainly inflame the jury, causing prejudice that
19 would substantially outweigh its minimal probity. Although Rule 26, Fed. R. Civ. P. does
20 not require relevant information to be admissible in order to be discoverable, it does require
21 that the discovery be "reasonably calculated" to lead to admissible evidence. We conclude
22 that questioning defendant about his relationship with Ready does not meet this standard.

23        Moreover, plaintiff acknowledges that he has already discovered evidence showing
24 that defendant was a "friend, sponsor, and mentor" to Ready. Response at 2. We must limit
25 the extent of discovery sought if we determine that the discovery sought is cumulative,
26 duplicative, or can be obtained from another source. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff
27 has not argued that his line of questioning would reveal new information about defendant's
28 relationship to Ready. Finally, plaintiff argues that defendant might admit during his

1 deposition that he agreed with Ready's racist opinions. Plaintiff may question defendant
2 about his views on race without getting into the issue of defendant's relationship with Ready.
3       Accordingly, **IT IS ORDERED GRANTING** defendant's motion for protective order
4 (doc. 78). Plaintiff is prohibited from deposing defendant concerning his relationship with
5 JT Ready.
6       DATED this 30th day of July, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge